IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-30-BO

| | |
|---|---|
| HUDSON CITY SAVINGS BANK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) **ORDER** |
| DAVID M. MATTIS and MARGARET A. MATTIS., | ) |
| Defendants. | ) |

This matter is before the Court on plaintiffs' motion to remand [DE 8]. For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

This case was initiated on December 30, 2013 as a foreclosure special proceeding in Wake County Superior Court. [DE 1-5]. It was filed as an *in rem* action seeking to foreclose a deed of trust executed by defendants David and Margaret Mattis. [*Id.*]. On January 24, 2014, defendants filed a notice of removal that removed the action to this Court. [DE 1]. Defendants assert that this Court has diversity jurisdiction and federal question jurisdiction. Plaintiffs filed this motion on February 20, 2014 seeking to have the matter remanded back to Wake County.

## DISCUSSION

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a) (2012). Under federal question jurisdiction, the Court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, a civil action may be brought in federal court "where

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a) (2012). The burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Id.*

I. Federal Question Jurisdiction.

It is clear that the origination of this action is based on a state law foreclosure proceeding. Defendants claim federal question jurisdiction based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. In their notice of removal, defendants allege that plaintiffs have violated various provisions of the FDCPA. Defendants invoke the FDCPA in order to assert a defense or raise a counterclaim which does not grant this Court jurisdiction under federal question jurisdiction doctrine. The Supreme Court has rejected the idea that a defendant can remove a case brought in state court under state law by raising a federal counterclaim. *See Holmes Group v. Vornado Air. Circulation Sys.*, 535 U.S. 826, 831–32 (2002) (holding that jurisdiction based in whole or in part on 28 U.S.C. § 1338 did not extend to a case where such a claim had been asserted by compulsory counterclaim); *Vecchione v. Option One Mortgage*, 2009 U.S. dist. LEXIS 97770, *2 (M.D.N.C. Oct. 16, 2009) (holding that mortgagor could not remove North Carolina state foreclosure proceedings by attempting to raise federal counterclaims). The *Holmes* court clearly stated that "well-pleaded complaint" rule requires a federal court to focus its review upon the allegations contained within the plaintiff's complaint in determining whether the case is removable and clearly rejected the proposition that a counterclaim can serve as the basis for a district court's "arising under" jurisdiction. *Holmes*, 535 U.S. at 830–32.

2

Here plaintiffs' complaint asserts no claim that arises under federal law and therefore removal is not appropriate under federal question jurisdiction.

II. Diversity Jurisdiction.

Defendant contends that removal was proper based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, as North Carolina citizens, defendants are not entitled to remove this action on the basis of diversity jurisdiction. In matters where a federal court has diversity jurisdiction, the matter is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants' notice of removal expressly states that they are residents of North Carolina. [DE 1 ¶ 18]. Although it is true that residency is not synonymous with citizenship, defendants have alleged that they are entitled to remove this action based upon plaintiffs' connection to New Jersey and defendants' connection to North Carolina. Therefore defendants are procedurally barred from removing this case under 28 U.S.C. § 1441(b)(2).

As defendants have not met their burden of establishing federal jurisdiction this matter is remanded to Wake County Superior Court.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand is GRANTED. The matter is REMANDED to Wake County Superior Court.

SO ORDERED.

This the 28 day of April, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3